UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-320-H

DANNY RYAN AND
SHARON RYAN                                                                           PLAINTIFFS

V.

DISCOVER PROPERTY & CASUALTY INSURANCE CO.                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This case presents some interesting and somewhat unusual jurisdictional issues. Defendant, Discover Property & Casualty Insurance Co., removed the case from Jefferson Circuit Court on May 4, 2010. Plaintiffs subsequently filed the pending motion to remand, arguing that Defendant's removal was beyond the one year time limitation permitted by 28 U.S.C. § 1446(b). In response, Defendant argues that this Court lacks subject matter jurisdiction because no case or controversy existed at the time of removal and asks the Court to dismiss the action. For the reasons explained below, the Court finds that a case or controversy does exist between the parties and that removal was proper.

**I.**

This case arises from an auto accident between Danny Ryan and John DiGiovanni. Plaintiffs, citizens of Kentucky, originally brought suit in Jefferson Circuit Court on October 25, 2007, asserting a negligence claim against DiGiovanni, also a Kentucky citizen, and an under-insured motorist claim against their own insurance companies. Subsequently, Plaintiffs learned that DiGiovanni may have been acting within the scope of his employment at the time of the accident and, therefore, they amended their complaint to allege claims against his employer,

Modco, Inc., also a Kentucky resident. Defendant, a resident of Illinois and Connecticut, is Modco's insurance carrier. For months, Modco and Defendant disputed liability, arguing that DiGiovanni was actually an independent contractor, not an employee of Modco. The state court subsequently ruled as a matter of law that DiGiovanni was acting as Modco's employee. All claims against Modco were then settled in early 2010. However, before the lawsuit was dismissed, Plaintiffs, with the state court's permission, amended their complaint on April 5, 2010 to state claims against Defendant for bad faith and violations of the Unfair Claims Settlement Practices Act. Defendant was not a named party in the lawsuit until that amendment. On May 3, 2010, the state court entered an "Agreed Order of Partial Dismissal" (the "Order"), which is discussed in detail below, and Defendant removed on May 4, 2010.

**II.**

After settling all claims against all defendants other than Discover Property & Casualty Insurance Company, Plaintiffs filed an agreed order of dismissal that was meant to apply only to those other defendants. However, the Order could be read to dismiss Defendant as well. It stated:

> IT IS HEREBY ORDERED:
> 1. That all claims of the plaintiffs against the defendants herein be, and are DISMISSED WITH PREJUDICE as settled, with each party to bear their own costs.
> 2. That the Third Party Complaint of the defendant, Modco, Inc., against the Third Party Defendant, Property and Casualty Insurance Company of Hartford, shall remain on the active docket of this Court.[1]

While acknowledging that any dismissal of it was inadvertent, Defendant argues that the Order did, by its terms, dismiss all Plaintiffs' claims and is binding on them. Based on such an

---

[1] Subsequently, Modco voluntarily dismissed its claims against Hartford.

argument, Defendant asserts that this Court should dismiss all claims against it.  Plaintiffs ask the Court to interpret the Order as applying only to the other defendants, claims against whom all parties agree were settled.

To be sure, the Order does appear to dismiss all claims between Plaintiffs and all Defendants, including Discover Property & Casualty Insurance Company.  However, that was never its actual intent.  The parties acknowledge this and various parts of the Order itself confirm it.  For instance, the Order is labeled as an "Agreed Order of *Partial* Dismissal."  (Emphasis added).  Moreover, if examined closely, the Order dismisses "all claims of the plaintiffs against the *defendants herein*."  (Emphasis added).  It is then signed as having been seen and agreed to by counsel for Plaintiffs, DiGiovanni, Modco, and Cincinnati Insurance Co. and Travelers Property & Casualty Insurance Co. (Plaintiffs' under-insured motorist carriers).  Defendant is not listed on the Order.  Thus, arguably Defendant was not a "defendant herein" and the Order did not apply to claims between Plaintiffs and Defendant.  Based on such an interpretation of the record, and the clear intent of the parties, the Court concludes that a case or controversy between the parties remains and that the Court may consider the propriety of removal.

### III.

Defendant removed on the basis of diversity jurisdiction.  Congress has placed significant time limits on such removal.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may

3

> be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Plaintiffs contend that Defendant failed to remove within one year of the "commencement of the action" and, therefore, remand is necessary.

Based on the facts described above, a few things are clear. First, this case was not removable at the time of the original filing, as Plaintiffs and DiGiovanni were both residents of Kentucky. Second, the lack of diversity continued to exist when the claims against Defendant were first pled on April 5, 2010. Finally, complete diversity was created by the May 3, 2010, order of dismissal; the only remaining parties were Defendant, a resident of Illinois and Connecticut, and Plaintiffs, residents of Kentucky. The only real question is whether Defendant removed within one year of the "commencement of the action," as required by 28 U.S.C. § 1446(b). Plaintiffs argue that the action was "commenced" when the original complaint was filed on October 25, 2007. Defendant contends that the action against it was not commenced until the complaint was amended to add the bad faith claims on April 5, 2010.

A.

This Court has previously considered the proper commencement date of an action for purposes of § 1446(b). In *Norman v. Sundance Spas, Inc.*, 844 F. Supp. 355 (W.D. Ky. 1994), the plaintiff brought a state court action for injuries sustained from the use of a defective hot tub against the manufacturer and several retailers on September 11, 1992. The retailers were non-diverse to the plaintiff. On October 19, 1992, the plaintiff amended his complaint to name several other diverse defendants ("the newly added defendants"). On September 20, 1993, the

4

state court dismissed all non-diverse defendants and on October 12, 1993, the newly added defendants removed, arguing that the action did not commence against them until October 19, 1992, and, therefore, removal was within the one year time limit. Much like the present case, the plaintiff argued that the date of commencement was the date of the original filing of the complaint, September 11, 1992.

The Court conducted a thorough analysis, noting that this was a question of first impression. "After construing the language, history and purpose of the removal statute, the Court conclude[d] that Congress intended to bar removal of diversity cases after one year from the date of the initial pleadings." *Id.* at 357. Plaintiffs contend that the same analysis here shows that the action was commenced on October 25, 2007, and could not be removed after October 25, 2008.

However, our circumstances may differ from those which caused the Court to remand in *Norman*.

In *Norman*, the Court considered the "separable controversy" doctrine which allows a party to remove an entire case "where a separate and independent claim or cause of action, which would be removable if sued upon alone, was joined with otherwise non-removable claims." *Id.* at 358.[2] This concept, however, was strictly construed by the U.S. Supreme Court in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). Because the Supreme Court determined that claims were only "separate and independent" where the two actions arose from different transactions or occurrences, this Court found no separate claim in *Norman*.

---

[2] As amended in 1990, 28 U.S.C. § 1441(c) applies the rule by statute only to cases involving federal question jurisdiction, not diversity. That fact, however, does not change the current analysis. Defendant does not seek removal under § 1441(c), but only under § 1446(b). The Court simply uses the "separable controversy" doctrine to aid in interpretation of § 1446(b).

Nevertheless, the Court noted that "[t]he only situation in which construing 1446(b) as creating a separate commencement date for later-joined defendants would be consistent with the separable controversy doctrine is where a plaintiff has joined two causes of action involving separate defendants." *Norman*, 844 F. Supp. at 359 n.10.

This analysis suggests that where a plaintiff joins a separate and independent claim against a new defendant after the original filing date, the commencement date of that claim, for purposes of § 1446(b), is deemed the date of such joinder. The Sixth Circuit has never considered this specific issue. However, in *Meador v. Indiana Insurance Co.*, No. Civ. A. 1:05CV-206-R, 2006 WL 250475 (W.D. Ky. Feb. 1, 2006), Judge Russell of this district considered the question in an analysis of *Norman* and held,

> The Court agrees with the *Norman* court that the same principle should apply to distinguish between later-joined defendants. Those whose liability arise out of the same cause of action are bound by the same commencement date; as here, however, where the wrongful action alleged is entirely separate from that of the other defendants, a later commencement date is consistent with the purposes of § 1446(b).

*Id.* at *2. The Court believes this is the only reasonable and proper interpretation of § 1446(b). *See also Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214, 1220 (W.D. Ky. 1996) (finding that § 1446(b)'s one year limitation period began running after the state court severed the claim in question, meaning that a separate cause of action existed).

B.

The remaining question, then, is whether the bad faith claims were "separate and independent" from the underlying negligence claim such that a different commencement date is appropriate. *Meador* is, again, informative. That case considered the exact same issue and Judge Russell determined that bad faith claims are "separate and independent" because they arise

6

out of a different transaction or occurrence. The underlying action is based purely on the auto accident itself and the events surrounding it. The bad faith claim, on the other hand, is based on the actions of the insurance company in investigating and settling the plaintiff's insurance claim. The Court finds this to be a sound analysis.

Under the same circumstances, a number of other federal district courts agree with Judge Russell. *See, e.g., Lahey v. State Farm Mut. Auto. Ins. Co.*, No. 8:06-CV-1949-T27-TBM, 2007 WL 2029334 (M.D. Fla. July 11, 2007); *Curran v. State Farm Mut. Auto. Ins. Co.*, No. 6:09-cv-463-orl-28DAB, 2009 WL 2003157 (M.D. Fla. July 2, 2009); *Jenkins v. Allstate Ins. Co.*, No. 5:08-cv-285-Oc-10GRJ, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008). At least two take the opposite position. *See McCreery v. State Farm Mut. Auto. Ins. Co.*, No. 07-80489-CIV-HURLEY/HOPKINS, 2007 U.S. Dist. LEXIS 97154 (S.D. Fla. Sept. 4, 2007); *Suncoast Country Clubs, Inc. v. United States Fire Ins. Co.*, No. 8:06-cv-1238-t-23MSS, 2006 U.S. Dist. LEXIS 62075 (M.D. Fla. Aug. 31, 2006).

The Court has found only one Circuit Court to have addressed this issue. In *Moore v. United Services Auto. Ass'n*, 819 F.2d 101 (5th Cir. 1987), the Fifth Circuit, analyzing the issue under the old version of § 1441(c), held that a bad faith claim is not "separate and independent" from the underlying auto accident claim. The Circuit first noted that "the question is close and the answer is not clearly established by precedent." *Id.* at 103. It recognized that "the plaintiff [must] have suffered more than one 'legal wrong' for claims to be separate." *Id.* at 104. Under that standard, the Circuit determined that the plaintiff had suffered only one "legal wrong:" the insurance company failed to pay his claim. *Id.* The Circuit also found that the bad faith claim was not "independent" of the underlying negligence claim because a finding of bad faith clearly

7

required a finding that plaintiff was successful on his negligence claim. *Id.*

Like the Fifth Circuit, this Court finds that whether the bad faith claims are "separate and independent" is a close question. The leading U.S. Supreme Court case on this issue is *Finn*, 341 U.S. 6. There, the plaintiff's home was destroyed by a fire and she sued multiple insurance companies claiming coverage under at least one company's policy. The defendants removed the case, arguing that each claim against each defendant was a "separate and independent" claim. The Supreme Court held "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14. Although multiple possible claims existed, there was only one legal wrong: "the failure to pay compensation for the loss on the property." *Id.* In essence, the Court recognized that the plaintiff's claim was a single breach of contract action; she was not wronged in any independent manner because "the damage comes from a single incident." *Id.* at 16.

The Fifth Circuit found the bad faith and negligence claims similar to the multiple breaches of contract claims in *Finn*. Thus, it held that the only legal wrong was the insurance companies failure to pay. With all due respect to the Fifth Circuit, this Court is not persuaded that this is the proper analysis. In *Finn*, clearly only one legal theory arose out of one legal wrong to the plaintiff. Here, however, two distinct legal theories arise from two distinct occurrences, and result in two distinct legal wrongs: (1) Plaintiffs were injured by the negligence of Mr. DiGiovanni in causing the automobile accident; and (2) Plaintiffs were harmed by Defendant's alleged bad faith in failing to settle the claim. The actions causing harm to Plaintiffs were entirely separate. The first involved only the car accident; the second involved

the investigation and decision of Defendant. Although Defendant's actions were taken based on the underlying accident, it caused a distinct legal harm to Plaintiffs. Under the Supreme Court's precedent in *Finn*, such a distinct legal harm is a "separate and independent" claim.

Based on this analysis, the Court agrees with Judge Russell's analysis in *Meador*.[3] Plaintiffs' bad faith claim states a "separate and independent" claim from the underlying negligence action.[4] Therefore, the Court finds that the proper commencement date for the bad faith action was April 5, 2010. Because Defendant promptly removed within 30 days of the case becoming removable and one year of the commencement of the action, removal was proper.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand is DENIED.

cc: Counsel of Record

---

[3] Plaintiffs argue that Judge McKinley of this district reached an opposite conclusion in *Oakes v. Countryway Ins. Co.*, No1:08-CV-28, 2008 WL 2168939 (W.D. Ky. May 23, 2008). Although similar facts were present in *Oakes*, Judge McKinley did not consider the issues raised here. Rather, Judge McKinley's opinion is limited to a discussion of fraudulent joinder. Therefore, *Oakes* is not instructive with respect to the issues involved here.

[4] This conclusion only applies to the narrow facts before the Court, specifically that the underlying auto accident negligence claim and the bad faith claim against the insurance company are "separate and independent." The Court expresses no opinion as to whether a declaratory judgment action between an insured and the insurance company seeking a declaration of coverage is a "separate and independent" claim from a bad faith failure to pay claim.