UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-320-H

DANNY and SHARON RYAN                                                        PLAINTIFFS

v.

DISCOVER PROPERTY & CASUALTY                              DEFENDANT
INSURANCE COMPANY

**MEMORANDUM OPINION AND ORDER**

Danny and Sharon Ryan (the "Ryans" or "Plaintiffs") brought this action in Jefferson Circuit Court, alleging Discover Property and Casualty Insurance Company ("Discover" or "Defendant") violated Kentucky's Unfair Claims Settlement Practices Act ("UCSPA), Ky. Rev. Stat. § 304.12-230, through its bad faith handling of the Ryans' insurance claims stemming from a March 2007 automobile accident. Discover removed the action to federal court and the Ryans filed a Second Amended Complaint, adding three counts for violations of the Kentucky Insurance Code, Ky. Rev. Stat. §§ 304.12-010, 070, and 235. After an extensive discovery process, Discover has moved for summary judgment on each of the counts alleged.

I.

On March 30, 2007, Danny Ryan was traveling southbound on US 127 in Owen County when his vehicle collided with John DiGiovanni's vehicle, which was traveling in the opposite direction and had veered left of the center line, apparently attempting to pass another vehicle. Ryan suffered extensive injuries, including two broken legs, a broken forearm, and fractures of his right hip, ankle, and heel. He underwent multiple surgeries. Both Ryan and DiGiovanni

were working at the time of the accident, potentially implicating a number of insurance policies.[1]

The Ryans filed suit in Jefferson Circuit Court against DiGiovanni[2] in October 2007, then amended the complaint four months later to assert a vicarious liability claim against DiGiovanni's apparent employer, Express Courier, Inc., d/b/a Modco, Inc. ("Modco"), a local courier company. DiGiovanni held a personal automobile liability policy from Hartford with a $100,000 limit, while Modco held $1 million in liability coverage through Discover in a "hired and non-owned" policy. This policy covered vehicles, not owned by Modco, that had been hired to do work for Modco, insuring the courier company in the event it was held liable for the negligence of drivers making deliveries for its customers.

Upon receiving notice of the lawsuit against Modco, Discover engaged a claims administrator company and an attorney to assess the potential value of the Ryans' claim and to gather information relevant to asserting a defense that DiGiovanni was an independent contractor, not an employee, to defeat the vicarious liability claim. Both the claims administrator and the attorney concluded that Modco had a strong independent contractor defense. Consistent with its practice in handling other similar claims, Discover attempted to tender the defense of Modco to Hartford, DiGiovanni's personal insurer, arguing that Modco was an additional insured on that policy. Hartford refused to assume Modco's defense.

Discover's attorney filed a motion for summary judgment on behalf of Modco in January 2009, arguing that Modco has no vicarious liability because, as a matter of law, DiGiovanni was

---

[1] Mr. Ryan held a personal automobile policy from Travelers Insurance and his employer held an automobile policy from the Cincinnati Insurance Company, which included $100,000 and $1 million of underinsured motorist coverage, respectively.

[2] DiGiovanni passed away, unrelated to the accident, and the Ryans re-filed the suit against his estate.

an independent contractor. The Ryans filed a cross-motion for summary judgment on the same issue. With these motions pending, all the parties participated in a mediation session on May 5, 2009. Discover's representative had $50,000 in settlement authority, but opened the session with an offer of $25,000 in response to the Ryans' global demand of $1.5 million. Told that this would be the extent of Discover's offer, the Ryans' rejected it and the mediation ended unsuccessfully.

Judge Cowan of the Jefferson Circuit Court entered an order on June 29, 2009 granting summary judgment to the Ryans on the issue of Modco's vicarious liability. The court noted that "[m]any forms of oral and written agreements have been used to create the shadow of independent contractor . . . but the Court should look to the substance rather than the shadow." *Ryan v. DiGiovanni*, No. 07-CI-10613, at *5 (Jeff. Cir. Ct. June 29, 2009) (quoting *Brewer v. Millich*, 276 S.W.2d 12, 16 (Ky. 1964)). Thus, the court, following Kentucky case law, analyzed the nine factors provided in the Restatement of the Law, Agency, § 220(2) to assist in determining whether DiGiovanni was an independent contractor. The facts of the case tipped two of the nine Restatement factors in Modco's favor: (1) DiGiovanni supplied the instrumentalities and tools for the work and (2) judging from the Independent Contractor Agreement DiGiovanni and Modco executed, they did not believe they were creating a master-servant relationship. *Id.* at *8, n.3. However, the court found the remaining seven factors "vastly outweighed" these two factors and that "a neutral analysis . . . weighs heavily in favor of a finding that DiGiovanni was Modco's agent or servant, not its independent contractor." *Id.* at *6.

Within a month of Judge Cowan's order, John Pavlik, a claims adjustor at Discover

assigned to oversee the Ryans' claim, agreed with the claims administrator that Discover should pursue a settlement, not an appeal. In August, Discover's attorney estimated a jury verdict in the case could range between $766,000 and $1.3 million, and by October Discover gave Pavlik authority to settle the Ryans' claim up to the policy limit of $1 million. Meanwhile, Discover again attempted to tender defense of Modco to Hartford, which Hartford again refused. The parties scheduled a second mediation for January 28, 2010. By January 18, Discover's attorney had increased his estimate of the possible verdict range to $1.1 - 1.7 million, advising that Discover should be prepared to pay the policy limits. The claims against Modco were resolved in the second mediation for $950,000.

## II.

Summary judgment is appropriate where no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, *Matsushito Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242. 251-52 (1986). "A dispute is 'genuine' only if based on evidence upon which a reasonable jury could return a verdict in favor of the non-moving party." *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006).

## A.

"The UCSPA fundamentally requires that 'a good faith attempt be made to effectuate a prompt, fair and equitable settlement.'" *Phelps v. State Farm Mut. Auto. Ins. Co.*, 680 F.3d 725,

731 (6th Cir. 2012) (quoting *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 454 (Ky. 1999)). The statute prohibits insurance companies from using fourteen specific unfair practices, of which the Ryans have alleged Discover has engaged in six, denoted below by their statutory subsection:

> (1) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
>
> (2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
>
> (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
>
> (4) Refusing to pay claims without conducting a reasonable investigation based upon all available information; . . .
>
> (6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; . . . [and]
>
> (14) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;
>
> Ky. Rev. Stat. § 304.12-230.

A cause of action does not exist under the UCSPA unless a plaintiff can show "evidence sufficient to warrant punitive damages." *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993); *see also Phelps*, 680 F.3d at 731 (describing the UCSPA's threshold standard requiring evidence of intentional misconduct or reckless disregard of the right of an insured that would support an award of punitive damages). The bad-faith claim has three elements:

> (1) the insurer must be obligated to pay the claim under the terms of the policy;
>
> (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and
>
> (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis

existed.
*Id.*

B.

Plaintiffs contend that Discover lacked a reasonable basis for maintaining the independent contractor defense to Modco's vicarious liability and, because the defense had on some occasions failed in the past, Discover knew it was going to fail in this case. Certainly Judge Cowan's order of summary judgment for the Ryans shows that they can meet the first element under *Wittmer*. But, even reading the record in a light most favorable to the Ryans, the Court finds little evidence that Discover knowingly lacked a reasonable basis for asserting the independent contractor defense.

Discover's claims administrator investigated the relationship between Modco and DiGiovanni and found several facts that would support this defense: (1) the signed agreement denoting DiGiovanni as an independent contractor; (2) DiGiovanni owned the vehicle he used to make deliveries; (3) he had his own insurance on that vehicle; (4) he was free to perform deliveries on behalf of non-Modco customers; (5) he could decide how to route deliveries; and (6) Modco paid him using 1099 tax forms. With these facts supporting a good-faith basis for defending against Modco's vicarious liability, and absent any facts that would "warrant punitive damages," *id.* at 890, no reasonable juror could conclude that Discover's assertion of the independent contractor defense constituted bad faith.

To be sure, the defense failed as a matter of law, but that finding alone does not support a conclusion that Discover lacked a reasonable basis for its defense, let alone asserted the defense knowing it was unreasonable. The question of whether a driver, such as DiGiovanni, is an employee or an independent contractor is well-known in legal circles to be a disputable issue

which may turn on the particular facts of a given case. It seems clear that Modco hoped to establish an independent contractor relationship, but insured itself in the event a court found otherwise, as was the case here. The Court finds that as a matter of law such an arrangement cannot amount to bad faith.

C.

Plaintiffs also argue that Discover acted in bad faith during the seven-month period between Judge Cowan's summary judgment order and the ultimate settlement between the parties. The record indicates that Discover attempted to tender Modco's defense to Hartford during this period, even though Hartford had already explained that Modco did not meet the definition of an insured under Hartford's policy. Furthermore, the record supports a finding that Discover knew its policy covered DiGiovanni's vehicle because DiGiovanni was adjudged to be a Modco employee, yet still tried to discharge Modco's defense to Hartford to avoid paying the Ryans' claim. A reasonable jury could conclude that, knowing it had no reasonable basis for denying the Ryans' claim and that the range of possible jury verdicts exceeded $1 million, Discover did not undertake a good-faith settlement of the claim and instead tried to avoid the claim altogether.

Because these particular circumstances could support a jury finding of bad faith as to Discover's post-summary judgment order conduct, the Court will deny Defendant's motion on these grounds only.

III.

Discover has also moved for summary judgment on Counts II and III of the Second Amended Complaint, which allege violations of Ky. Rev. Stat. §§ 304.12-010 and 304.12-070.

These provisions prohibit unfair methods of competition or deceptive acts in the insurance business and agreements to commit any act of boycott, coercion, or intimidation that tends to result in an unreasonable restraint of the insurance business, respectively. The Ryans have not developed any facts in the record that would create a genuine issue of material fact on either of these claims.

For example, they argue that Discover coerced courier companies to implement independent contractor agreements by not letting the couriers participate in the insurance program if they did not have such agreements in place. The Court fails to see how Discover acted coercively by requiring courier companies to supply indicia of independent contractor relationships to qualify for Discover's policy designed specifically for courier companies that hire independent contractors. The Ryans also seem to argue that insuring couriers who use independent contractors against the risk that the couriers could be held vicariously liable for accidents its contractors cause was itself an unfair and deceptive act. But, as the Ryans' attorney in the underlying state litigation acknowledged, Discover's policy provided significant coverage that otherwise would not have existed. Furthermore, although the Court has found that a jury could conclude Discover's tender of Modco's defense to Hartford was evidence of bad faith, this act did not amount to an unreasonable restraint of trade under § 304.12-070.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED in part and DENIED in part; and Counts II and III of the Second Amended Complaint are DISMISSED WITH PREJUDICE as well as are certain aspects of Plaintiff's bad faith claim in Count I. Therefore, certain aspects of Count I and Count IV REMAIN.

       The Court will set a conference in the near future.  This is not a final order.

cc:     Counsel of Record